408

## In re WYCKOFF.

### No. 43029.

District Court, E. D. New York.

April 28, 1943.

Mordecai S. Jacobsen, of Lynbrook, N. Y., for bankrupt.

Trachman & Krosner, of New York City, for receiver in supplementary proceedings.

ABRUZZO, District Judge.

The order to show cause seeks to enjoin the bankrupt from proceeding with a motion in the Supreme Court for an order fixing the accrual date of the lien of a receiver in supplementary proceedings, the receiver having been appointed in that court.

On February 12, 1942, it is claimed that the bankrupt was directed to appear and submit to an examination concerning his property, pursuant to a subpoena served prior thereto. The sole and pertinent question before this Court is whether the lien of the receiver took effect on that date. If it did, the bankrupt should be enjoined; and if. the lien did not take effect, then the bankrupt should be permitted to prosecute his motion in the Supreme Court so that an order might be made in that Court fixing the lien date different from February 12, 1942.

The bankrupt filed his petition on June 19, 1942. After the filing of this petition in bankruptcy, orders were obtained staying the receiver from further proceeding with the collection of his judgment lien. The receiver made a motion to vacate these restraining injunctions upon the ground that although he had been appointed on June 15, 1942, only four days before the filing of the petition, his lien under the provisions of Section 808 of the Civil Practice Act of the State of New York related back to the return date of the subpoena in supplementary proceedings which was February 12, 1942, and therefore his lien had accrued four months prior to the filing of the petition in bankruptcy.

This motion to vacate the stay was granted over the opposition of the bankrupt. No appeal was taken. Later, the bankrupt made a motion for reargument upon the ground that the bankrupt was not served with a subpoena for his examination in supplementary proceedings which was returnable on February 12, 1942, this date, of course, being very important. The motion for reargument was denied. No appeal was taken.

A record of his examination in the state court in supplementary proceedings discloses the following stipulation: "The judgment-debtor, although disputing the service of the subpoena dated February 2, 1942 upon him, nevertheless waives any question of the service of said subpoena upon him in the above proceedings and for the purpose of this examination appears this 30th day of March 1942, as though served with the subpoena dated February 2, 1942."

The Supreme Court of the State of New York refused to be bound by the adjudication in this Court and permitted the bankrupt to relitigate the question as to whether he had been served with the subpoena. The server of the subpoena was never produced and the receiver refused to participate in the hearing in the state court. A Justice of the Supreme Court found that the bankrupt had not been served with the subpoena.

It is a well settled principle of law that this Court having acquired jurisdiction in the bankruptcy proceeding and having made a decision that the bankrupt had been served with the subpoena returnable February 12, 1942, full faith and credit must be

given to it and the Supreme Court has no right to permit a relitigation of that particular point.

The bankrupt should be enjoined from proceeding with the motion in the Supreme Court for an order fixing the accrual date of the Receiver's lien.

Settle order.